IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                              No. CV 13-0488 JH/CEG
                                                                                                      CR 10-1542 JH

AUGUSTINE C. MITCHELL,

    Defendant.

## MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under rules 1(b) and 4 of the Rules Governing Section 2254 Cases and rule 4(b) of the Rules Governing Section 2255 Cases, on Defendant's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (CV Doc. 1; CR Doc. 47) filed on May 28, 2013. The petition asserts that the government presented insufficient evidence to establish a jurisdictional element of the criminal charges against Defendant, and his attorney provided ineffective assistance by failing to argue the jurisdictional issue. For relief, the petition asks the Court to "reverse and grant me an acquittal."

       The relief that Defendant seeks, if available, must be pursued under 28 U.S.C. § 2255: relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence." § 2255(a). The terms of § 2255 provide the exclusive avenue for an attack on a federal criminal conviction or sentence. *See Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus"). "It is the relief sought, not

[the] pleading's title, that determines whether the pleading is a § 2255 motion," *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006), and Defendant's pro se characterization of his claims as arising under the habeas corpus statutes is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human Serv.*, 967 F.2d 435, 436-37 (10th Cir. 1992). Defendant has not previously filed a motion under § 2255 to vacate his sentence, and he makes no allegation that § 2255 is "inadequate or ineffective." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). Defendant's claims must be brought under § 2255.

The Court of Appeals for the Tenth Circuit has addressed the situation where a defendant who has not filed a § 2255 motion files a petition challenging his conviction or the sentence imposed by the court.

> [D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with approval in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)); *and see United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002) (noting that restrictions apply when a § 2255 motion has not been filed). The Court finds that Defendant's motion should be treated as a § 2255 motion, notwithstanding its current designation, because of the nature of the relief sought. In light of the ruling in *Kelly*, the Court notes that **(1) a one-year limitations period the applies to a § 2255 motion; and (2) if Defendant proceeds under § 2255, he may be prohibited from subsequently filing a second**

**such motion.** If Defendant does not respond to this Order, the Court may either dismiss the petition as not presenting cognizable claims under § 2241 or treat the petition as if it were a motion under 28 U.S.C. § 2255.

The Court also notes that Defendant was found indigent in the criminal proceeding (CR Docs. 5, 6), and he will be granted leave to proceed in forma pauperis in this civil proceeding.

IT IS THEREFORE ORDERED that Defendant is GRANTED leave to proceed in forma pauperis, and he may proceed without prepayment of costs or other fees or the necessity of giving security therefor;

IT IS FURTHER ORDERED that Defendant is hereby NOTIFIED that, within twenty-one (21) days from entry of this Order, he may (1) withdraw his petition, (2) notify the Court in writing that he agrees to have the petition recharacterized and adjudicated as a motion under 28 U.S.C. § 2255, or (3) file a § 2255 motion presenting all of his claims against his conviction and sentence; and the Clerk is directed to send Defendant a form § 2255 motion with instructions.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE